IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                    :
VALERIE J. DAVIS                :          3:13 CV 1885 (JGM)
                    :
v.                               :
                    :
SOCIAL SECURITY ADMINISTRATION  :          DATE: NOVEMBER 6, 2014
---------------------------------------------------------x

## **RECOMMENDED RULING OF DISMISSAL**

On December 20, 2013, plaintiff, Valerie J. Davis, filed this lawsuit, appearing pro se, with respect to the denial of plaintiff's application for Social Security Disability benefits and Widow Benefits by the Appeals Council in December 2013; in her complaint, plaintiff alleges that she has been disabled since 2006 due to spinal stenosis, a bulging disc, and an anxiety disorder. (Dkt. #1, at 1-3).[1] Plaintiff's Motion for Leave to Proceed In Forma Pauperis ["IFP"], filed the same day (Dkt. #2), was granted three days later. (Dkt. #5).

On January 7, 2014, the Clerk's Office mailed to plaintiff at her home address a number of filings, including a Guide for Pro Se Litigants, Revised June 25, 2013. (Dkts. ##4, 6 & 1/7/14 entry). The Guide for Pro Se Litigants provides detailed information, in plain language, regarding how a pro se litigant whose IFP motion has been granted is to complete service of his or her complaint upon a defendant. (Dkt. #4, at 7-14). The Guide specifically advises, in three different locations, that a defendant must be served within 120 days of the date that the complaint was filed (id. at 11, 12, 14) and also advises that a lawsuit "may be dismissed[]" if this service is not completed. (Id. at 11). There is no indication in the record that plaintiff made any attempts to serve defendant within 120 days, or by April 21, 2014,

---

[1] Plaintiff alleges that her attorney "lied about [h]ow long I was able to sit or stand vs. what my Dr. said making it look like a [l]ie." (Id. at 4).

or any time thereafter.

On July 23, 2014, this Magistrate Judge filed a Notice to Pro Se Plaintiff (Dkt. #7)["July 2014 Notice"], which warned plaintiff that under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  However, Rule 4(m) continues that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."  The July 2014 Notice observed that "there is no indication in the record that plaintiff made any attempts to serve defendant within 120 days, or [by] April 21, 2014, or any time thereafter."  (At 2).

The July 2014 Notice further warned plaintiff that under Local Rule 41(a), entitled "Dismissal of Actions . . . For Failure to Prosecute," "[i]n civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any."  Local Rule 41(a) continues: "If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter an order of dismissal."  The July 2014 Notice similarly observed that "there has been no activity for six months after January 7, 2014, which comes to July 7, 2014."  (At 2).

The July 2014 Notice relied upon cases from the Southern District of New York, which have given pro se plaintiffs in Social Security appeals "up to an additional three months (or even slightly more) to serve defendant. " (At 2-3, citing Delmatta v. Comm'r of Soc. Sec., No.

2

01 CIV 1642 (AGS)(DFE), 2001 WL 263317, at *1 (S.D.N.Y. Mar. 15, 2001); Hernandez v. Comm'r of Soc. Sec., No. 00 CV 8132 (HB), 2000 WL 1677932, at *1 (S.D.N.Y. Nov. 8, 2000); Valentine v. Comm'r of Soc. Sec., No. 00 CV 2815 (HB), 2000 WL 633405, at *1 (S.D.N.Y. May 16, 2000); Adorno v. Comm'r of Soc. Sec., No. 99 CV 2758 (HB), 1999 WL 294959, at *1 (S.D.N.Y. May 10, 1999); Gonzalez v. Comm'r of Soc. Sec., No. 97 CV 4036 (HB), 1997 WL 337511, at *1 (S.D.N.Y. June 18, 1997); Reynoso v. Comm'r of Soc. Sec., No. 97 Civ. 2234 (SAS), 1997 WL 313421, at *1 (S.D.N.Y. June 3, 1997); Arroyo v. Comm'r of Soc. Sec., No. 96 CV 9678 (HB), 1997 WL 35487, at *1 (S.D.N.Y. Jan. 29, 1997)).

Therefore, the July 2014 Notice ordered that plaintiff complete her service upon defendant by October 31, 2014, and further advised her that "[m]any of the forms that plaintiff needs appear on the Court's website, www.ctd.uscourts.gov, as well as at the end of the Guide for Pro Se Litigants."  (At 3).  The July 2014 Notice further warned plaintiff that "[i]f [she] does not complete service on defendant **on or before October 31, 2014, then her lawsuit will be dismissed**."  (Id.)(emphasis in original).

The electronic docket sheet on CM/ECF does not reflect any activity in this file beyond having the July 2014 Notice mailed to plaintiff at her address on record.  Accordingly, this lawsuit is now dismissed, without prejudice to plaintiff filing a Motion to Reopen, as appropriate.  The Clerk's Office is directed to close this file.

Dated at New Haven, Connecticut, this 6th day of November, 2014.

    /s/ Joan G. Margolis, USMJ
    Joan Glazer Margolis
    United States Magistrate Judge